UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARIAH GOODMAN, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>**476 K, LLC**, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-3383 (TNM) |

## MEMORANDUM ORDER

Plaintiffs sued Defendants, alleging various labor violations. Now, the parties agreed on settlement terms and Plaintiffs ask the Court to approve them. Because the settlement resolves a bona fide dispute and because its monetary terms are fair and reasonable, the Court will approve it.

### I.

A group of adult entertainers sued their former workplace and bosses under the Fair Labor Standards Act. Am. Compl. ¶ 1, ECF No. 11. According to them, Defendants had failed to pay them minimum wage, violated FLSA overtime provisions, stolen their tips, and "demand[ed] illegal kickbacks." *Id.* After Defendants answered the Complaint and the parties exchanged some discovery, the parties agreed to a settlement. And they ask the Court to approve it. *See* Pl.'s Mot. for Appr. of Settlement, ECF No. 34

### II.

No binding law requires the Court to assess FLSA settlements. *See Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 129 (D.D.C. 2014). But courts often do. *See, e.g., id.*; *Lliguichuzhca v. Cinema 60, L.L.C.,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). In the interest of finality and

because the parties have asked, the Court will do so here. But the Court will address only whether the settlements' financial terms are appropriate. *See Eley v. Stadium Grp., LLC*, 236 F. Supp. 3d 59, 62 (D.D.C. 2017) (addressing only financial terms); *Carrillo*, 51 F. Supp. 3d at 134–35 (same). So the Court takes no stance on whether any other terms are appropriate or enforceable.

To be approved, a FLSA settlement must (1) resolve a bona fide dispute, and (2) be fair and reasonable. *Carrillo*, 51 F. Supp. 3d at 131–32. A dispute is bona fide if the parties genuinely disagree about how much money the employer owes. *Id.* at 133. And a settlement is fair and reasonable if it "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 132 (quoting *Lliguichuzhca*, 948 F. Supp. 2d at 365). "Courts should be mindful of the strong presumption in favor of finding a settlement fair." *Id.* at 133 (cleaned up).

Start with the bona fide-dispute prong. On the important issues in this case, the parties see eye to eye about little. They disagree about whether the adult entertainers were employees or independent contractors and about who owned the "dance fees" collected by the adult entertainers. Mot. Appr. Settlement at 16–17. And these quarrels go to the heart of this case; how much money do Defendants owe Plaintiffs? So the parties' dispute is bona fide. *Accord Carrillo*, 51 F. Supp. 3d at 133.

Next, consider whether the settlement is fair and reasonable. For this prong, the Court looks at three factors: "whether the proposed settlement was the product of overreaching by the employer; (2) whether the settlement was the product of negotiation between represented parties following arm's length bargaining; and (3) whether there exist serious impediments to the

collection of a judgment by the plaintiffs." *Id.* at 132 (quoting *Lliguichuzhca*, 948 F. Supp. 2d at 365–66) (cleaned up).

*1. Overreaching.* In *Carrillo*, the court looked at each parties' damages estimate to determine whether the employer had overreached in settlement negotiations. *Id.* at 133. Because the settlement was closer to Plaintiffs' number than Defendants', the Court found no overreaching. *Id.* at 133–34.

Here, there is no evidence of overreaching. The settlement hews much closer to Plaintiffs' view of the damages, just like in *Carrillo*. Plaintiffs calculated their damages based on ways they were allegedly underpaid: no minimum wage, "house fee" charges, and "forced tips outs." *See, e.g.*, Mot. Appr. Settlement at 14 (cleaned up). But some Defendants say they owed no minimum wage, charged no house fees, and never forced the adult entertainers to tip anyone out. Amended Answer ¶¶ 52, 53, 95, ECF No. 17. So Defendants' estimated damages would be $0. Plus, more than half the Plaintiffs are due to receive more than or close to their estimated losses. *See, e.g.*, Mot. Appr. Settlement at 13 (receiving more than estimated losses). All this suggests that there was no overreaching.

*2. Arm's-length negotiations.* The Court is satisfied that the negotiations were conducted at arm's length. For one, Plaintiffs' counsel asserts as much, certifying that the parties conducted "substantial arms-length, good-faith negotiations." Declaration of John P. Kristensen ¶ 30, ECF 34-1. And these negotiations lasted over a month. Suppl. Mot. Appr. Settlement at 9, ECF No. 30. Also, like in *Carrillo*, all the parties were represented by counsel and only settled after conducting discovery. *See id.* at 9–10; *Carrillo*, 51 F. Supp. 3d at 134.

*3. Serious impediment to collection.* "[P]otential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca*, 948 F. Supp. 2d at 365.

But here, Plaintiffs stated both that "[c]ollectability was not an issue," and in the next sentence that "defendant De Moya is under indictment [sic] has no assets." Suppl. Mot. Appr. Settlement at 9. And later, they say that "there are serious and cognizable reasons for Plaintiffs to worry about *actually* collecting a judgment" should they win. *Id.* at 10 (emphasis added). Because of Plaintiffs' contradictory statements, the Court must find this factor neutral.

So the first two factors favor a finding of fair and reasonable, while the last factor is neutral. Under those same conditions, the court in *Carrillo* found that a settlement was fair and reasonable. The Court finds the same here. Because the three factors, on balance, support a finding that the parties' monetary settlement terms are fair and reasonable, the Court approves them.

### III.

Finally consider the attorneys' fees award. Under the proposed settlements, Plaintiffs would receive $150,000 and their lawyers would receive $125,000.[1] Mot. Appr. Settlement at 9. When reviewing proposed FLSA settlements, "courts regularly assess the reasonableness of the fee award." *Eley*, 236 F. Supp. 3d at 63. The Court finds that the proposed fee award is reasonable.

For one, Plaintiffs' lawyers are receiving less money than the Plaintiffs. *Cf. Carrillo*, 51 F. Supp. 3d at 134 (reluctantly approving settlement where lawyers received *more* than the plaintiffs). More, the proposed award is less than counsel's lodestar amount, $130,813.35. Mot. Appr. Settlement at 23. And "there is a strong presumption that the lodestar figure is

---

[1] Plaintiffs' Motion for Approval of Settlement says elsewhere that Plaintiffs's lawyers are requesting "$127,300 in fees." Mot. Appr. Settlement at 23. The Court will assume that this figure is an error by Plaintiffs' counsel and consider only the $125,000 total award that is reflected in the settlement agreement and in other sections of the Plaintiffs' motion. *See* Errata, ECF No. 35; Mot. Appr. Settlement at 9.

reasonable," at least when it comes to fee shifting statutes. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010) (cleaned up). This is not, technically speaking, a fee-shifting case because the parties are settling privately. Still, the Court sees no reason why the lodestar method would be appropriate had this case ended in a judgment, yet inappropriate here. So for these reasons, the Court finds that counsels' request of less than its lodestar is reasonable.

## IV.

For these reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Approval of FLSA Settlement is GRANTED in part. The Court finds only that the settlements' monetary terms (Defendants' payments to Plaintiffs and their counsel) represent a fair and reasonable compromise of a bona dispute under FLSA.

1. Plaintiff Cassie Allison's settlement in the amount of $54,799.24 is APPROVED, with $30,000.00 allocated to Plaintiff, as detailed in the Settlement Agreement. ECF No. 35-1;

2. Plaintiff Anelia Doseva's settlement in the amount of $76,518.17 is APPROVED, with $42,000.00 allocated to Plaintiff, as detailed in the Settlement Agreement. ECF No. 35-3;

3. Plaintiff Beverly Fletcher's settlement in the amount of $27,650.58 is APPROVED, with $15,000.00 allocated to Plaintiff, as detailed in the Settlement Agreement. ECF No. 35-5;

4. Plaintiff Saraiah Goodman's settlement in the amount of $11,361.37 is APPROVED, with $6,000.00 allocated to Plaintiff, as detailed in the Settlement Agreement. ECF No. 35-7;

5. Plaintiff Jin Kim's settlement in the amount of $22,220.84 is APPROVED, with $12,000.00 allocated to Plaintiff, as detailed in the Settlement Agreement. ECF No. 35-9;

6. Plaintiff Jaiden Morris's settlement in the amount of $9,551.46 is APPROVED, with $5,000.00 allocated to Plaintiff, as described in the Settlement Agreement. ECF No. 35-11;

7. Plaintiff Bernis Yuksekgonul's settlement in the amount of $72,898.35 is APPROVED, with $40,000.00 allocated to Plaintiff, as detailed in the Settlement Agreement. ECF No. 35-13; it is further

**ORDERED** that the Court takes no position on the settlements' other terms.

**SO ORDERED**.

Dated: December 2, 2022                               TREVOR N. McFADDEN, U.S.D.J.